## LLOYD v EASTERN GRILL, Inc

No 2863. Decided April 27, 1937

Ohio Appeals, 9th Dist, Summit Co

Brouse, Englebeck, McDowell, May & Bierce, Akron, for appellee.

Musser, Kimber & Huffman, Akron, for appellant.

## OPINION

PER CURIAM

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Summit County, Ohio, entered December 31, 1936, upon a verdict in favor of the plaintiff, and against the defendant, the appellant herein.

Essie V. Lloyd was injured by broken glass in front of the Eastern Grill, Inc., store on South Main Street in the city of Akron, Ohio. It was claimed by her, and the evidence tended to prove, that the defendant in the court below, the appellant herein, operated a place of business in which meals, beer, liquors, and drug store merchandise were sold to the general public; that some of its fixtures and appliances consisted of a bar, tables and chairs, and an orchestra platform upon which was placed a "loud speaker"; that on the evening of her injury many persons, including herself and male companion, were indulging in the enjoyment afforded by this "1936 model" liquor and beer dispensary; that while she was a patron of the place, an altercation arose between her companion and several habitues of the place, following which a fist fight started between one of the said habitues and her companion; that after the fight was stopped, she took the arm of her escort and walked out the front door, whereupon she was violently pushed into and through one of the large windows in front of the store, and was severely cut by broken glass; that her injuries resulted directly from the conduct of the employees of the defendant company, acting within the scope of their employment, in physically ejecting one of the aforementioned habitues and in pushing him violently into plaintiff's companion, which caused him to be thrown against her; that the force of the bump threw her against the window and caused it to shatter.

The defendant below claimed and offered evidence tending to prove that after the fight the plaintiff, on the arm of her escort, went out the front door, and that, as they were leaving the premises, the escort noticed one of the men with whom he had engaged in argument, standing on the sidewalk outside of the door; that they walked toward him and the escort threatened to fight; that in warding off the attack the escort was pushed into the window, and the falling glass caused the injuries; that at no time did the defendant's servants eject any one of the patrons, nor was any person physically ejected that evening.

It is urged by the appellant that the misconduct of counsel prevented a fair trial, and specific complaint is made of the insistence of counsel to show on cross-examination previous arrests of some of the defendant's witnesses.

The record discloses that the defendant's main witnesses to the facts were the three habitues who were involved in the altercation and mentioned heretofore.

Counsel for the appellee on numerous occasions during cross-examination asked them if they had been arrested for certain offenses. These questions, of course, were highly improper, but in each instance where objection was made, the court properly sustained it.

The court further uniformly sustained the objections to questions which inquired as to whether they had been convicted of either the violation of city ordinances or of state offenses not within the category of crimen falsi.

Many years ago, the Supreme Court of the state declared that:

"4. The limits to which a witness may be cross-examined on matters not relevant to the issue, for the purpose of judging of his character and credit from his own voluntary admissions, rests in the sound discretion of the court trying the cause. Such questions may be allowed when there is reason to believe it will tend to the ends of justice; but they ought to be excluded when a disparaging course of examination seems unjust to the witness, and uncalled for by the circumstances of the case."

Wroe v State, 20 Oh St 460.
That pronouncement was approved in
Bank v Slemmons, 34 Oh St 142, at p. 147;
Hanoff v State, 37 Oh St 178, at p. 181;
Village of Shelby v Clagett, 46 Oh St 549, at p. 553;
State v Huffman, 86 Oh St 229, at p. 242;
Keveney v State, 109 Oh St 64;
Smith v State, 125 Oh St 137,
and in many other cases, including the recent case of
Kornreich v Industrial Fire Ins. Co., 132 Oh St 78, at p. 88.

The court having committed no error in its rulings, and having complied with all

350

of the requests made by the appellant in reference to said matter, and the appellant therefore being unable to urge that the court committed error, it nevertheless urges that the conduct of appellee's counsel in propounding improper questions to said appellant's witnesses relating to their having been arrested, constituted misconduct on the part of counsel for appellee, and that therefore the court erred in not granting appellant's motion for a new trial on the ground of such misconduct.

The record discloses that many of said improper questions were not objected to, and that all objections which were made were sustained. While we hold that said questions were improper, we are unable to reach the conclusion that the asking of said questions under the circumstances disclosed by this record constituted misconduct for which the trial court was required to grant a new trial, when, as shown by the record, counsel for appellant objected to only a few of the questions and made no request of the court to take any action in reference to the line of questioning that was being pursued; nor can we find upon the whole record that such procedure was prejudicial to the appellant.

Objection is further made to certain remarks made during argument by one of counsel for appellee; it being claimed that said remarks constituted misconduct.

We do not find that said counsel so grossly abused his privilege of argument to the manifest prejudice of appellant as to make it the duty of the trial judge to interfere, in the absence of objection.

Additional errors urged by appellants, orally and by brief, are not sustained by the record so as to constitute prejudicial error. We are unanimously of the opinion that the verdict of the jury is amply sustained by the evidence.

Judgment affirmed.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.